**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| **DAVIS DARRYL,** | ) | **Case No.:** |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| **CREDIT ACCEPTANCE** | ) | **JURY TRIAL DEMANDED** |
| **CORPORATION,** | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

DAVIS DARRYL ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against CREDIT ACCCEPTANCE CORPORATION ("DEFENDANT"):

### INTRODUCTION

1.    Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227.

### JURISDICTION AND VENUE

2.    Jurisdiction of this Court arises under 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3.     Defendant regularly conducts business in the State of Michigan, thus, personal jurisdiction is established.

4.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5.     Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

6.     Plaintiff is a natural person residing in Southfield, Michigan 48033.

7.     Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

8.     Defendant is a corporation with its principal place of business located at 25505 West Twelve Rd., Southfield, MI 48034.

9.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10.    Plaintiff has a cellular telephone number that he has had for at least one year.

11.    Plaintiff has only used this number as a cellular telephone.

12.    Beginning in or around March 2017 and continuing through January 2018, Defendant placed repeated telephone calls to Plaintiff's cellular telephone number regarding an alleged car payment.

PLAINTIFF'S COMPLAINT

13.     Defendant used an automatic telephone dialing system, automated message and/or prerecorded voice when contacting Plaintiff.

14.     Plaintiff knew that Defendant was using an automatic telephone dialing system, automated message and/or prerecorded voice as the calls from Defendant would begin with a prerecorded message.

15.     Upon the initiation of calls in or around March 2017, Plaintiff spoke to Defendant and told them that he could not pay the alleged debt at the time and to therefore stop placing calls to his cellular telephone regarding the alleged debt.

16.     Despite Plaintiff's clear revocation of consent, Defendant continued to contact him through January 2018 regarding the alleged debt.

17.     Defendant's telephone calls were not made for "emergency purposes."

18.     Once Defendant was aware that its calls were unwanted and to stop, there was no lawful purpose to continue making further calls, nor was there any good faith reason to place such calls.

19.     Defendant refused to update its records to restrict telephone calls to Plaintiff's cellular telephone despite Plaintiff's repeated instruction to stop calling.

20.     Undaunted by Plaintiff's demands to cease calling, Defendant continued to call Plaintiff on his cellular telephone an excessive number of times per day or per week through in or around January 2018.

21.    It was frustrating, annoying and distressing for Plaintiff to receive such continuous and repeated telephone calls from Defendant on his cellular telephone.

22.    Upon information and belief, Defendant conducts business in a manner which violates the TCPA.

## COUNT I
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

23.    Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

24.    Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone number.

25.    Defendant's initiated these automated calls to Plaintiff using an automatic telephone dialing system.

26.    Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone.

27.    Under § 227(b)(3)(A) of the TCPA, a person or entity may bring a private cause of action in an appropriate court based on a violation of the TCPA or the regulations prescribed under the TCPA to enjoin such violation.

28. Under § 227(b)(3)(B) of the TCPA, a person or entity may bring a private cause of action in an appropriate court "to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation whichever is greater."

29. Based upon the conduct of Defendant, Plaintiff avers that the enhancement of damages provided for by the TCPA allowing for Plaintiff to recover up to $1,500 per call/violation be applied to calls placed.

30. Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone.

31. Defendant's calls to Plaintiff's cellular telephone after he revoked consent were not made with Plaintiff's prior express consent.

32. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

33. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

34.   As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DARRYL DAVIS, respectfully prays for a judgment as follows:

a.   All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

b.   Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

c.   Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

d.   Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

e.   Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, DARRYL DAVIS, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Dated: January 14, 2019

By: /s/ Amy L. Bennecoff Ginsburg

Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: aginsburg@creditlaw.com

PLAINTIFF'S COMPLAINT